Ch. J. Barry
delivered the opinion of the Court.*
THIS suit was instituted by the complainants to recover the inspection fees claimed by their testator, as late inspector of Double Spring Warehouse, in the county of Warren.
The bill alleges that the testator, with the defendant, who was first inspector of said Warehouse, had inspected quantities of tobacco, for which he had received no fees; that the account of fees and the books remained in the hands of the defendant, who had the entire control of the Warehouse demands, and had made collections, (but does not state the amount of fees due, or what *32 gum had been collected,) alleging that the defendant rr,« fused to s’aow the books or render an account. The complainants state, that they have reason to believe that the defendant has collected many of the accounts due him andlheir testator, and appropriated the money to his own use; that from the statement of their testator in hi-, lifetime, they are induced to believe that the inspection fees amounted to about $>400 or upwards, between $180 and $200 of which, the testator was entitled to.
l^forrc
Bill for con-l'cssed, & do-^"“°foircult
On bill for arcounPTn1 oise sum is positiveiy al-(fue,1 decree cannot be rendered on tho smallest sum stated oh conjecture.
One of two inspectors may maintain a bill for «■ainst the other, for his recoived ti rely by him.
in such case the third'in-opootor,
The bill prays for the production of the Warehouse hooks and an account of fees.
The defendant was duly served with process, and failiug to answer, the bill was taken for confessed, and a decree rendered for $180, with interest from the 8th of September, 1821, until paid; to reverse which, this writ of error is prosecuted.
This was a bill for discovery; an answer was necessary. Asa bill for relief as well as discovery, a decree have been rendered, if it had stated sufficient All that is wanting is an admission of facts, II, after service of process, the defendant fails to answer, he will be concluded in the same manner as lit; w,0Ldd be by a neglect to plead to a declaration at law. If the facts in this case had beer; distinctly stated, and the exact sum due or claimed positively averred, it would have authorized a decree in favor of the complain* ants. but they allege that they are advised and believe that the testator was entitled to an equal share of about $400 and upwards, amounting to between ‡180 and $200. It is impossible to say which of these sums, or what particular amount between them, is the complainants’ due.
The design of pleadings is to attain certainty*. The chancellor cannotact upon conjecture. It does not ibl-^ov/’ *bat because the complainants have stated that they are advised and believe that between $180 and $200 are due, that either of said sums are actually due the testator. They may honestly believe it, and the fact may be otherwise. Rut it is evident their statement is conjectural, and that they can have no well founded bc- °*" *hc exact sum ill at is due. They expressly stflfe that they are ignorant of the subject; that they have been unable to get ihe Warehouse books, or to obtain from the defendant a statement of the account be-him and their testator. Indeed, the principal ob *33 ject of the bill is a discovery, to enable them to ascertain the balance in favor of the testator. A discovery or proof must be had, to render the matter certain. Until this is done, the complainants cannot have a decree. The decree of the circuit court in the case of Longes, &c. vs. Kennedy, 2 Bibb 607, was reversed upon a bill tahonero confesso, for tile same kind of uncertainty that exists in this.
on]yt<J ^hen the two disagreed in their opinions ¿oosTiot ao-pear had any interest inthe l11 qufs' necessary
. proceedings be had, to complainant be permitted to take proof,
Crittenden, for plaintiffs; Sharp, for defendants.
The objections taken to the jurisdiction of the court and for the want of proper parties, are not sustained, The complainants claim partofmany small sums collected by the defendant, and which can only be proved by ms confession, or by compelling the production of the books and accounts in his possession. These are fir subjects for the chancellor. We do not consider the third inspector a necessary party. He could only-act in the absence of the others,' or as their umpire in certain cases. I he tecs claimed are charged to be due tor the services of the testaforand the defendant only.
The decree of the circuit court is reversed with costs, the cause rem anded for new proceedings to be had, by which the defendant may be compelled to answer, and the complainants permitted to take proof to support the allegations of their hill.

 Absent, Judge Trimble.